### IN THE MATTER OF ABRAHAM FELTMAN, AN ATTORNEY-AT-LAW, RESPONDENT.

Argued November 8, 1967—Decided January 4, 1968.

*Mr. Edward F. Merrey, Jr.,* Chairman, Passaic County Ethics Committee, argued the cause for the order.

*Mr. Louis J. Goldberg* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. In this disciplinary matter respondent is charged with violating Canon 32 of the Canons of Professional Ethics.

A verified complaint was filed with the Passaic County Ethics Committee, charging respondent with attempting

to procure a wife's signature on an appearance in an Alabama divorce action to be filed by respondent's client, the husband.

The husband had initially consulted respondent concerning certain marital difficulties. He told respondent that he wanted a divorce because his girlfriend was pregnant and that he wished to marry her in order to legitimate the child. Respondent advised his client that he had no ground for divorce in New Jersey.

Shortly thereafter, the husband again visited respondent and informed him that he was very upset about the prospect of his child being born out of wedlock. He sought advice from respondent. Respondent pointed out to his client that a divorce might be obtained in Alabama, but that Alabama had a residence requirement with which the client would have to comply. The client stated that it would not be difficult for him to comply with this condition as he knew that he could get work as a trucker in Alabama.

Respondent then telephoned a New York attorney—supposedly an expert on Alabama divorce. The attorney informed respondent that, if the wife would cooperate, such a divorce could be arranged.

Thereafter, the same New York attorney sent respondent a document which was, in effect, a submission to the jurisdiction of an Alabama circuit court. Although no action had yet been filed in said court, this paper acknowledged receipt of a copy of a divorce complaint. Respondent forwarded the document to his client who tried to persuade his wife to sign it. She refused, and subsequently filed the complaint in this matter.

We agree with counsel for both sides that the applicable ethics standard in a case such as this is set forth in *Nappe v. Nappe,* 20 *N. J.* 337 (1956). We therein indicated that an attorney could properly advise his client concerning the requirements for divorce in other states, and concerning the client's ability to meet those requirements. The attorney should also inform his client that any action in another

jurisdiction would be the client's responsibility and that he might be bound by the judgment of an out-of-state court. *Nappe* stated (at 346) :

"Once an attorney has done this and leaves it to the voluntary decision of the client as to whether such a proceeding is to be instituted by the client in a foreign jurisdiction, counsel may suggest the name of a reputable attorney in such other state so that his client may be advised by such lawyer who has the competence to give the necessary legal advice with reference to the contemplated action. We deem it advisable to state this warning, however, that at that point the attorney should terminate the relationship of attorney and client, present his bill and be paid for his services. Any participation thereafter in the divorce proceeding in the foreign state may form a foundation of a charge that the New Jersey attorney is *particeps criminis* when subsequently a fraud is perpetrated upon the courts of the foreign state * * *."

The respondent says he had no reason to believe that his client intended to perpetrate a fraud upon the State of Alabama, that in fact the client, who was a truck driver, told him that it did not matter where he lived and that he intended to make Alabama his domicile. The burden of proof of course is on the prosecution, and respondent is correct in saying that burden has not been maintained. However, the form of acknowledgment of service which he transmitted for signature by the wife was untrue on its face, since it purported to acknowledge receipt of a complaint in an action which had not yet been commenced. In that respect respondent's conduct was censurable, and he is on that account reprimanded.

So ordered.